Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
STEVEN LORE,

|  |  |
|---|---|
| Plaintiff, | **AMENDED COMPLAINT** |
| -against- | **18-CV-613 (JS)(SIL)** |

ELDER VENTURES LLC. d/b/a MASSAGE ENVY, MASSAGE
ENVY FRANCHISING, LLC, and CHRISTOPHER ELDERS,
JAQUELINE ELDERS, MAGGIE MARINO, SHARI BLEDSOE, as
individuals,

Defendants.
-------------------------------------------------------------------------------X

1. Plaintiff, STEVEN LORE (hereinafter referred to as "Plaintiff"), by his attorneys at
   Helen F. Dalton & Associates, P.C., allege, upon personal knowledge as to
   themselves and upon information and belief as to other matters, as follows:

   **PRELIMINARY STATEMENT**

2. Plaintiff, STEVEN LORE, through undersigned counsel, bring this action against
   ELDER VENTURES LLC., MASSAGE ENVY FRANCHISING, LLC, and
   CHRISTOPHER ELDERS, JAQUELINE ELDERS, MAGGIE MARINO, SHARI
   BLEDSOE, as individuals, (hereinafter referred to as "Defendants"), to recover
   damages for egregious violations of the Title VII of the Civil Rights Act of 1964, as
   amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, *et seq*. ("Title VII"),
   Age Discrimination in Employment Act of 1967, 29 U.S.C. §§626, *et seq*. ("ADEA");
   the New York State Human Rights Law, New York Executive Law §§290 *et seq.*
   ("NYSHRL"), and the New York City Human Rights Law, New York City Adm.
   Code §§8-101 *et seq.* ("NYCHRL") and other appropriate rules, regulations, statutes
   and ordinances for unlawful discrimination on the basis of age and gender arising out

of Plaintiffs' employment with Defendants at ELDERS VENTURES LLC d/b/a MASSAGE ENVY located at 680 Stewart Avenue, Garden City, New York 11530.

3. Plaintiff was employed by Defendants at ELDER VENTURES LLC. d/b/a MASSAGE ENVY, located at 680 Stewart Avenue, Garden City, New York 11530.

4. This is an action for declaratory, injunctive and equitable relief, as well as monetary damages to redress Defendants' unlawful age discrimination against the Plaintiff in violation of the Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), Age Discrimination in Employment Act of 1967, 29 U.S.C. §§626, *et seq.* ("ADEA"), the New York State Human Rights Law, New York Executive Law §290 *et seq.* ("NYSHRL"), and the New York City Human Rights Law, New York City Adm. Code §8-107 *et seq.* ("NYCHRL") and other appropriate rules, regulations, statutes and ordinances.

5. While working for the Defendants, the Plaintiff was subjected to age discrimination by receiving constant insults about his age and when he was fired due to his age in or around July 2016.

6. Defendants' conduct was knowing, malicious, willful and wanton and showed a reckless disregard for the Plaintiff, which has caused and continues to cause the Plaintiff to suffer substantial economic and non-economic damages, permanent harm to his professional and personal reputations and severe mental anguish and emotional distress.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 in that it arises under Plaintiff's federal claims pursuant to the ADEA, 29 U.S.C. §626.

8. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

9. This Court has supplemental jurisdiction over Plaintiff's state and local law claims pursuant to 28 U.S.C. §1367.

10. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

11. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

12. Plaintiff timely filed a charge with the New York State Division of Human Rights on March 17, 2017 charging Defendants with unlawful discriminatory practices based on their actions.

13. On November 2, 2017, the EEOC issued the Plaintiff notice of right to bring suit in federal district court based on the allegations of unlawful discrimination on the basis of age.

14. This action has been filed within 90 days of Plaintiff's receipt of their right-to-sue letter from the EEOC.

15. Any and all other prerequisites to the filing of this suit have been met.

## THE PARTIES

16. Plaintiff, STEVEN LORE, is a 65-year-old male who resides at 248 Hoffman Street, Franklin Square, New York 11010, and was employed by Defendants at ELDER VENTURES LLC. d/b/a MASSAGE ENVY located at 680 Stewart Avenue, Garden City, New York 11530 from in or around September 2016 until his employment was terminated in or around January 2018.

17. Upon information and belief, Defendant, ELDER VENTURES LLC., is a corporation organized under the laws of New York with a principal executive office at 680 Stewart Avenue, Garden City, New York 11530.

18. Upon information and belief, Defendant, ELDER VENTURES LLC., is a corporation authorized to do business under the laws of New York.

19. Upon information and belief, Defendant CHRISTOPHER ELDERS owns and/or operates ELDER VENTURES LLC.

20. Upon information and belief, Defendant CHRISTOPHER ELDERS is the Chairman of the Board of ELDER VENTURES LLC.

21. Upon information and belief, Defendant CHRISTOPHER ELDERS is the Chief Executive Officer of ELDER VENTURES LLC.

22. Upon information and belief, Defendant CHRISTOPHER ELDERS is an agent of ELDER VENTURES LLC.

23. Upon information and belief, Defendant CHRISTOPHER ELDERS has power over personnel decisions at ELDER VENTURES LLC.

24. Upon information and belief, Defendant CHRISTOPHER ELDERS has power over payroll decisions at ELDER VENTURES LLC.

25. Defendant CHRISTOPHER ELDERS has the power to hire and fire employees, establish and pay their wages, set their work schedule, and maintains their employment records at ELDER VENTURES LLC.

26. Upon information and belief, Defendant JAQUELINE ELDERS owns and/or operates ELDER VENTURES LLC.

27. Upon information and belief, Defendant JAQUELINE ELDERS is the Chairman of the Board of ELDER VENTURES LLC.

28. Upon information and belief, Defendant JAQUELINE ELDERS is the Chief Executive Officer of ELDER VENTURES LLC.

29. Upon information and belief, Defendant JAQUELINE ELDERS is an agent of ELDER VENTURES LLC.

30. Upon information and belief, Defendant JAQUELINE ELDERS has power over personnel decisions at ELDER VENTURES LLC.

31. Upon information and belief, Defendant JAQUELINE ELDERS has power over payroll decisions at ELDER VENTURES LLC.

32. Defendant JAQUELINE ELDERS has the power to hire and fire employees, establish and pay their wages, set their work schedule, and maintains their employment records at ELDER VENTURES LLC.

33. During all relevant times herein, Defendant CHRISTOPHER ELDERS was Plaintiffs' employer within the meaning of the Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, *et seq*. ("Title VII"), the New York State Human Rights Law, New York Executive Law §§ 296-297 ("NYSHRL"), the New York City Human Rights Law, and N.Y. City Admin. Code §§ 8-101, *et seq*. ("NYCHRL").

34. During all relevant times herein, Defendant JAQUELINE ELDERS was Plaintiff's employer within the meaning of the Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, *et seq*. ("Title VII"), the

New York State Human Rights Law, New York Executive Law §§ 296-297 ("NYSHRL"), the New York City Human Rights Law, and N.Y. City Admin. Code §§ 8-101, *et seq*. ("NYCHRL").

35. Upon information and belief, MAGGIE MARINO is the manager at ELDER VENTURES LLC. d/b/a MASSAGE ENVY located at 680 Stewart Avenue, Garden City, New York 11530 and was the manager during Plaintiff's employment.

36. Upon information and belief, MAGGIE MARINO, ran the day-to-day operations at ELDER VENTURES LLC. d/b/a MASSAGE ENVY located at 680 Stewart Avenue, Garden City, New York 11530 during Plaintiff's employment.

37. Upon information and belief, MAGGIE MARINO, was in control of the booking of clients at ELDER VENTURES LLC. d/b/a MASSAGE ENVY located at 680 Stewart Avenue, Garden City, New York 11530 and, as a result, directly determined Plaintiff's working hours during his employment.

38. Upon information and belief, MAGGIE MARINO, was Plaintiff's immediate supervisor at ELDER VENTURES LLC. d/b/a MASSAGE ENVY located at 680 Stewart Avenue, Garden City, New York 11530 and, as a result, directly determined Plaintiff's working hours during his employment.

39. During all relevant times herein, Defendant MAGGIE MARINO was Plaintiff's employer within the meaning of the Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, *et seq*. ("Title VII"), the New York State Human Rights Law, New York Executive Law §§ 296-297 ("NYSHRL"), the New York City Human Rights Law, and N.Y. City Admin. Code §§ 8-101, *et seq*. ("NYCHRL").

40. SHARI BLEDSOE is the lead therapist at ELDER VENTURES LLC. d/b/a MASSAGE ENVY located at 680 Stewart Avenue, Garden City, New York 11530 and was the lead therapist during Plaintiff's employment.

41. SHARI BLEDSOE continually subjected Plaintiff to sexual harassment and discrimination on account of Plaintiff's age and gender during Plaintiff's employment at ELDER VENTURES LLC. d/b/a MASSAGE ENVY located at 680 Stewart Avenue, Garden City, New York 11530.

**STATEMENT OF FACTS**

42. Plaintiff was employed by Defendants at ELDER VENTURES LLC. located at 680 Stewart Avenue, Garden City, New York 11530 from in or around September 2016 until his employment was terminated in or around January 2018.

43. Plaintiff worked as a massage therapist and other miscellaneous employment at ELDER VENTURES LLC.

44. Plaintiff STEVEN LORE was hired in or around September 2016 as a massage therapist, and other miscellaneous employment at ELDER VENTURES LLC.

45. During his employment with the Defendants, Plaintiff was never written up or otherwise disciplined in connection with his performance.

46. Plaintiff was a massage therapist and worked a shift with approximately six massage therapists.

47. Of the six massage therapists during Plaintiff's shift, he was the only male massage therapist.

48. Upon information and belief, of the six massage therapists during Plaintiff's shift, he was the only massage therapist over the age of 40.

49. Shortly after Plaintiff began working for Defendants, the lead therapist, SHARI BLEDSOE learned of Plaintiff's age through persistent questioning of Plaintiff's date of birth and immediately started making derogatory comments about Plaintiff's age.

50. SHARI BLEDSOE told Plaintiff during his first week of employment that she felt that he was "too ancient" to be doing this type of work.

51. During Plaintiff's employment was subjected to dozens of insults about his age from SHARI BLEDSOE, including comments such as that Plaintiff "has one foot in the grave" and that Plaintiff needed to "turn up [his] hearing aid."

52. SHARI BLEDSOE asked Plaintiff repeatedly if he "needed a nap" in between client appointments because he was so old.

53. These comments from SHARI BLEDSOE continued for months after Plaintiff began his employment, continually commenting that Plaintiff was "going blind" or that he needed a cane or a hearing aid.

54. SHARI BLEDSOE made these derogatory comments about Plaintiff's age in front of other employees and the entire location was aware of the age discrimination that Plaintiff suffered. Other employees would also make comments about Plaintiff's age.

55. In fact, Plaintiff had a meeting with owner CHRISTOPHER ELDERS in March 2017 and advised him of SHARI BLEDSOE's persistent harassment and insults about Plaintiff's age.

56. Also in March 2017, Plaintiff filed a complaint form with the New York State Division of Human Rights as a result of the age discrimination to which he was subjected during his employment.

57. Plaintiff continually complained to CHRISTOPHER ELDERS and JAQUELINE ELDERS in the spring of 2017 about SHARI BLEDSOE's derogatory age-related comments including in meetings in April 2017 and May 2017.

58. In June 2017, Plaintiff was called into the office for a meeting with CHRISTOPHER ELDERS. CHRISTOPHER ELDERS was irate at the fact that Plaintiff filed a complaint with the New York State Division of Human Rights. CHRISTOPHER ELDERS told Plaintiff "this shit better stop" and took no further action to stop the discrimination to which Plaintiff was subjected.

59. Despite being aware of SHARI BLEDSOE's derogatory comments about Plaintiff's age, owners CHRISTOPHER ELDERS and JAQUELINE ELDERS took no action to stop such discrimination and instead allowed the mistreatment of Plaintiff to continue.

60. Plaintiff himself heard on numerous occasions his younger co-workers making insults and comments about Plaintiff's age during the last few years of his employment.

61. Defendants were aware of the harassment Plaintiff was subjected to as a result of his age.

62. In addition to the age discrimination suffered by Plaintiff, Plaintiff was subjected to discrimination on account of his gender.

63. Plaintiff was the only male massage therapist during his shift. All the other therapists were female. In addition, all of the booking staff, who were responsible for booking clients for the massage therapists, were female.

64. Plaintiff received significantly less clients than all of the female therapists. In fact, clients would specifically ask for Plaintiff for massages and then the all-female

booking staff would tell the clients that Plaintiff was unavailable and give his clients to one of the female therapists instead. They would do this without first asking Plaintiff and tried to do so without his knowledge.

65. The reason that the all female booking staff would give away Plaintiff's clients to the female therapists was on account of his gender.

66. Upon information and belief, MAGGIE MARINO, the manager at MASSAGE ENVY, instructed the booking staff to give Plaintiff's clients away to female massage therapists.

67. Upon information and belief, MAGGIE MARINO, the manager at MASSAGE ENVY, instructed the booking staff to give Plaintiff less clients than the female massage therapists.

68. In addition to derogatory comments as to Plaintiff's age, SHARI BLEDSOE consistently attacked Plaintiff with sexual comments, sexual innuendo, sexual harassment and verbal assaults on account of the fact that Plaintiff is a male.

69. Plaintiff was also subject to unwanted hugging and touching and sexual comments from SHARI BLEDSOE during his employment for Defendants.

70. As a result of the discrimination as to Plaintiff's gender, Plaintiff lost clients and, as a result, lost earnings that he would not have lost if not for being a male.

71. Plaintiff continually complained to CHRISTOPHER ELDERS and JAQUELINE ELDERS about the gender discrimination he faced in the workplace when he raised the issue of SHARI BLEDSOE's age comments.

72. However, despite being aware of the gender discrimination against Plaintiff, owners CHRISTOPHER ELDERS and JAQUELINE ELDERS took no action to stop such discrimination and instead allowed the mistreatment of Plaintiff to continue.

73. In or around January 2018, after Plaintiff continually complained to Defendants and the New York State Human Rights Division that he was subjected to age discrimination and gender discrimination, Defendants terminated Plaintiff's employment.

74. At the time of Plaintiff's termination, he was significantly older than all of the other massage therapists who worked the same shift as Plaintiff.

75. At the time of Plaintiff's termination, he was the only male therapist who worked the same shift as Plaintiff.

76. Plaintiff was fired because he was a senior employee.

77. Defendants fired Plaintiff because he was over the age of 40.

78. Plaintiff was also fired because he was a male employee.

79. Defendants terminated Plaintiff in an unlawful and discriminatory manner.

80. Defendants terminated Plaintiff with an unlawful and discriminatory purpose.

81. Plaintiff was terminated because of his age.

82. Plaintiff was terminated because of his gender.

83. Furthermore, Defendants terminated Plaintiff with a retaliatory purpose as a result of Plaintiff filing a complaint with the New York State Human Rights Division.

84. Plaintiff feels offended, disturbed, and humiliated by the illegal discrimination and harassment based solely on his gender and in retaliation for complaining of discrimination.

85. Defendants also created a hostile work environment, which unreasonably interfered with Plaintiff's work environment.

86. As a result of Defendants' discriminatory and retaliatory treatment of Plaintiff, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

87. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff demands punitive damages as against all Defendants, jointly and severally.

88. Therefore, Plaintiffs brings this action seeking relief from the Court for violations of age discrimination and gender discrimination laws.

## AS FOR A FIRST CAUSE OF ACTION

### Age Discrimination under the ADEA

89. Plaintiff repeats and re-alleges each and every allegation contained herein.

90. Defendants have discriminated against Plaintiff on the basis of his age in violation of the ADEA, by, among other things, terminating the employment of a senior employee over the age of 40, and replacing him with younger employees, as well as refusing to re-train employees to obtain other positions within the organization.

91. The ADEA makes it unlawful for an employer to discharge any individual because of such individual's age.

92. Defendants, acted knowingly and willfully in violation of the ADEA.

93. Defendants violated the ADEA by discriminating against Plaintiff on the basis of his age inasmuch as Defendants engaged in a course of conduct, as stated above which collectively resulted in Plaintiff's termination.

94. As a proximate cause of Defendants' discrimination, Plaintiff has suffered and continue to suffer substantial loss of compensation, all to Plaintiff's damages in an amount to be determined at trial.

### AS AND FOR A SECOND CAUSE OF ACTION
#### Title VII
#### (Gender Discrimination)

95. Plaintiff repeats and re-alleges each and every allegation contained herein.

96. Defendants have discriminated against Plaintiff on the basis of his gender in violation of the Title VII of the Civil Rights Act of 1964, by, among other things, subjecting Plaintiff to continued harassment on the basis of his gender and terminating the employment of Plaintiff.

97. Plaintiff was subjected to a hostile work environment, which manifested itself in adverse action taken against him.

98. Plaintiff has established that Defendants engaged in a pattern and practice of discrimination, in the manner in which Plaintiff was treated.

99. A motivating factor for the treatment was Plaintiff's gender.

100. Plaintiff has been caused to suffer severe emotional and economic damages as a result of this conduct.

101. Defendants discriminated against Plaintiff with respect to his employment terms, working conditions and privileges of employment in violation of Title VII of the Civil Rights Act of 1964.

102.    But for Plaintiff's gender, Plaintiff would not have been subjected to discrimination.

103.    Title VII makes it unlawful for an employer to discharge any individual because of such individual's gender.

104.    Defendants, acted knowingly and willfully in violation of the ADEA.

105.    Defendants violated the ADEA by discriminating against Plaintiff on the basis of his gender inasmuch as Defendants engaged in a course of conduct, as stated above which collectively resulted in Plaintiff's termination.

106.    As a proximate cause of Defendants' discrimination, Plaintiff has suffered and continue to suffer substantial loss of compensation, all to Plaintiff's damages in an amount to be determined at trial.


## AS FOR A THIRD CAUSE OF ACTION
### Discrimination under the NYSHRL

107.    Plaintiff repeats and re-alleges each and every allegation contained herein.

108.    The New York State Human Rights Law prohibits discrimination based upon an individual's age by employers.

109.    In violation of the NYSHRL, Defendants repeatedly discriminated against the Plaintiff on the basis of his age by, among other things, terminating the employment of senior employee over the age of 40, and replacing him with younger employees, as well as refusing to re-train employee to obtain other positions within the organization.

110.    Defendants, upon information and belief, employ four or more persons and are thus an "employer" covered by the Human Rights Law.

111.    Defendant CHRISTOPHER ELDERS is personally liable for the termination of Plaintiff in that he qualifies as an "employer" for the purposes of individual liability under the New York Human Rights Law by virtue of his ability to affect the terms and conditions of Plaintiff's employment.

112.    Defendants violated the New York State Human Rights Law, New York Executive Law §290 *et seq.* by discriminating against Plaintiff on basis of his age

inasmuch as Defendants engaged in a course of conduct, as stated above which collectively resulted in Plaintiff's termination.

113.   Defendants' conduct was done in conscious disregard of Plaintiff's rights in violation of New York State Human Rights Law, New York Executive Law §290 *et seq.*

114.   Therefore, Plaintiff is entitled to equitable and injunctive relief and an award of compensatory damages in an amount to be determined at trial.

## AS FOR A FOURTH CAUSE OF ACTION
### Discrimination under NYCHRL

115.   Plaintiff repeats and re-alleges each and every allegation contained herein.

116.   In violation of the NYCHRL, Defendant repeatedly discriminated against Plaintiff on the basis of his age by, among other things, terminating the employment of senior employees over the age of 40, and replacing them with younger employees, as well as refusing to re-train employees to obtain other positions within the Plaintiff's statutorily protected rights

117.   Defendants employ more than one person and thus are "employers" under New York City Adm. Code.

118.   Defendant CHRISTOPHER ELDERS is personally liable for the termination of Plaintiff in that he qualifies as an "employer" for the purposes of individual liability under the New York City Adm. Code by virtue of his ability to affect the terms and conditions of Plaintiffs' employment.

119.   Defendants violated the New York City Human Rights Law, New York City Adm. Code §8-107 *et seq.* by discriminating against Plaintiff on the basis of his age inasmuch as Defendants engaged in a course of conduct, as stated above which collectively resulted in Plaintiff's termination.

120.   Defendants' conduct was done in conscious disregard of Plaintiff's rights in violation of New York City Human Rights Law, New York City Adm. Code §8-107 *et seq.*

121.   Therefore, Plaintiff is entitled to equitable and injunctive relief and an award of compensatory damages in an amount to be determined at trial.

## AS FOR A FIFTH CAUSE OF ACTION

### Title VII

### (Unlawful Retaliation)

122. Plaintiff repeats and re-alleges each and every allegation contained herein.

123. Title VII's antiretaliation provision forbids employer actions that "discriminate against" an employee because he has "opposed" a practice that Title VII forbids or has "made a charge, testified, assisted, or participated in" a Title VII "investigation, proceeding, or hearing." 42 U.S.C. § 2000e-3(a).

124. In complaining about Plaintiff's discrimination on the basis of his age and gender discrimination, Plaintiff was engaging in a protected activity, and Defendants were fully aware of that.

125. Defendants treated Plaintiff adversely because of his complaints and engaged in a knowing, intentional, willful and voluntary course of wrongful retaliatory conduct in violation of 42 U.S.C. § 2000e-3(a).

126. As a result of Defendants' unlawful retaliation as described above, Plaintiff is entitled to back pay and front pay, lost past and future earnings, non-pecuniary damages for pain and suffering relating to the emotional harm Plaintiff suffered and injunctive relief.

127. Defendants should be assessed punitive damages in an amount to be determined at trial to adequately punish Defendants and to deter Defendants from engaging in such illegal and immoral conduct in the future.

## AS AND FOR A SIXTH CAUSE OF ACTION

### NYSHRL

### (Unlawful Retaliation)

128. Plaintiff repeats and re-alleges each and every allegation contained herein.

129. Defendants' conduct as described is violative of the anti-retaliation provision of the NYSHRL, Executive Law § 296.7.

130. In complaining about Plaintiff's discrimination on the basis of his age and gender discrimination, Plaintiff was engaging in a protected activity, and Defendants were fully aware of that.

131.    Defendants treated Plaintiff adversely because of his complaints and engaged in a knowing, intentional, willful and voluntary course of wrongful retaliatory conduct in violation of the NYSHRL.

132.    As a result of Defendants' unlawful retaliation as described above, Plaintiff is entitled to back pay and front pay, lost past and future earnings, non-pecuniary damages for pain and suffering relating to the emotional harm Plaintiff suffered and injunctive relief.

133.    Defendants should be assessed punitive damages in an amount to be determined at trial to adequately punish Defendants and to deter Defendants from engaging in such illegal and immoral conduct in the future.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### NYCHRL
### (Unlawful Retaliation)

134.    Plaintiff repeats and re-alleges each and every allegation contained herein.

135.    Defendants' conduct as described is violative of the anti-retaliation provision of the NYCHRL, Section 8-107(7) of the Administrative Code of the City of New York.

136.    In complaining about Plaintiff's discrimination on the basis of his age and gender, Plaintiff was engaging in a protected activity, and Defendants were fully aware of that.

137.    Defendants treated Plaintiff adversely because of his complaints and engaged in a knowing, intentional, willful and voluntary course of wrongful retaliatory conduct in violation of the NYCHRL.

138.    As a result of Defendants' unlawful retaliation as described above, Plaintiff is entitled to back pay and front pay, lost past and future earnings, non-pecuniary damages for pain and suffering relating to the emotional harm Plaintiff suffered and injunctive relief.

139.    Defendants should be assessed punitive damages in an amount to be determined at trial to adequately punish Defendants and to deter Defendants from engaging in such illegal and immoral conduct in the future.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully requests that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§626, *et seq.* ("ADEA");

b. Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, *et seq.* ("Title VII");

c. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under New York State Human Rights Law, New York Executive Law §290 *et seq.;*

d. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under New York City Human Rights Law, New York City Adm. Code §8-107 *et seq.;*

e. Awarding Plaintiff damages for age discrimination;

f. Awarding Plaintiff damages for gender discrimination;

g. Awarding Plaintiff prejudgment and post-judgment interest;

h. Awarding Plaintiff the costs of this action together with reasonable attorney's fees; and

i. Awarding such and further relief as this court deems necessary and proper;

j. Judgment declaring Defendants violated the aforementioned statutes;

k. Defendants, their agents, employees, officers, and successors in interest, and those acting in concert with Defendants, be permanently enjoined from discriminating on any basis forbidden by NYSHRL;

l. Defendants, their agents, employees, officers, and successors in interest, and those acting in concert with Defendants, be permanently enjoined from discriminating on any basis forbidden by NYCHRL;

m. That Plaintiffs be made whole in the form of back pay and front pay and afforded all benefits which would have been afforded Plaintiff but for said discrimination;

n. Defendants be ordered to compensate, reimburse and make the Plaintiff whole for compensatory damages in an amount to be determined at trial;

o.  Defendants be ordered to pay Plaintiff punitive damages in an amount to be determined at trial; and

p.  For such other and further relief as may be just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: This 10th day of August 2018.

Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, PC
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

STEVEN LORE,

               Plaintiff,

     -against-

ELDER VENTURES LLC. d/b/a MASSAGE ENVY, MASSAGE ENVY FRANCHISING, LLC,
and CHRISTOPHER ELDERS, JAQUELINE ELDERS, MAGGIE MARINO, SHARI BLEDSOE,
as individuals,

               Defendants.

## SUMMONS & COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
69-12 Austin Street
Forest Hills, NY 11375
Phone (718) 263-9591
Fax (718) 263-9598

**TO:**

**ELDER VENTURES LLC**
**680 Stewart Avenue**
**Garden City, New York 11530**

**MASSAGE ENVY FRANCHISING, LLC**
**14350 N 87th Street, Suite 200**
**Scottsdale, Arizona 85260**

**CHRISTOPHER ELDERS**
**680 Stewart Avenue**
**Garden City, New York 11530**

**JAQUELINE ELDERS**
**680 Stewart Avenue**
**Garden City, New York 11530**

**MAGGIE MARINO**
**680 Stewart Avenue**
**Garden City, New York 11530**


**SHARI BLEDSOE**
**680 Stewart Avenue**
**Garden City, New York 11530**